UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GOODCAT, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 1:16-cv-01514-RLY-DML ) |
| DAVID COOK, DAVID COLEMAN, DALE GRUBB, MARJORIE MAGINN, in their official capacities for the Indiana Alcohol and Tobacco Commission; and THE STATE OF INDIANA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**TEMPORARY RESTRAINING ORDER**

Plaintiff, Goodcat LLC, commenced this action on June 20, 2016, requesting a temporary restraining order and a preliminary injunction enjoining Defendants, commissioners of the Indiana Alcohol and Tobacco Commission (the "ATC") and the State of Indiana, from enforcing certain provisions in Indiana Code § 7.1-7-1 *et seq.* as against Goodcat. The statutory provisions at issue take effect on July 1, 2016. Absent court intervention, Goodcat will be precluded from lawfully selling its products in Indiana after the date of this order. Upon brief consideration of the motion and Defendants' opposition, the court **GRANTS** Goodcat's motion for a temporary restraining order, subject to the court's orders set forth below.

1

The court first takes notice of a related case, *Legato Vapors LLC v. Cook*, No. 1:15-cv-00761-SEB-TAB (S.D. Ind.), recently before the court. In that case, Judge Barker granted summary judgment in favor of the State, concluding that § 7.1-7-1 *et seq.* did not violate the Dormant Commerce Clause, the Due Process Clause, the Equal Protection Clause, or the Indiana Constitution. *See* Filing No. 107 at 39, *Legato Vapors LLC*, No. 1:15-cv-00761-SEB-TAB. Goodcat, however, raises at least two issues that were not before the court in *Legato Vapors*: (1) whether the effect of the provisions governing the use of a third-party security firm amounts to unconstitutional discrimination against out-of-state manufacturers, in violation of the Dormant Commerce Clause; and (2) whether Section 916 of the Federal Food, Drug, and Cosmetic Act ("FDCA"), codified at 21 U.S.C. § 387p, will preempt the security firm requirements as of August 8, 2016, the effective date for the FDA's so-called "Deeming Rule."

Like the plaintiffs in *Legato Vapors*, Goodcat manufactures liquids ("e-liquids") designed for consumption through electronic vapor ("e-vapor") devices. Goodcat, too, similarly challenges the constitutionality of certain provisions within Indiana Code § 7.1-7-1 *et seq.*, which regulates the growing e-vapor industry in Indiana. Under this law, before a manufacturer may mix, bottle, package, or sell e-liquids in Indiana, it must first obtain a manufacturing permit from the ATC. Ind. Code § 7.1-7-4-1(a). The ATC may issue permits until the statutory deadline, June 30, 2016, and only after it confirms that an applicant has entered into a service agreement with a security firm that meets certain criteria. *See id.* § 7.1-7-4-1(b)–(d)(3).

Goodcat contends, and Defendants do not dispute, that only one known security firm in United States meets the criteria set forth in § 7.1-7-4-1(d)(3). That firm, located in Indiana, declined to contract with Goodcat to provide security services for its manufacturing plant in Naples, Florida. Goodcat subsequently entered into a security services agreement with a Florida-based firm that meets the video surveillance requirements set forth in § 7.1-7-4-1(d)(3)(B). In addition, Goodcat separately contracted with other security professionals to compose a team of security personnel who collectively have the requisite credentials. Despite these efforts, the ATC denied Goodcat's application for a manufacturing permit, giving rise to this lawsuit.

The court hereby **ENJOINS** Defendants from enforcing the statutory deadline, Indiana Code § 7.1-7-4-1(b), as against Goodcat for a period not to exceed **FOURTEEN (14) DAYS** from the date of this Order. The court further **ORDERS** the ATC to issue Goodcat a provisional manufacturing permit so that it may continue participating in the Indiana market for e-vapor products without the risk of third-party liability. This Order is set to **EXPIRE** on July 14, 2016.

To justify such relief, the court makes preliminarily findings based on the extremely limited time frame in which to consider this matter. The court finds as follows:

1. Based on the limited briefing of all the issues Goodcat raises in its motion, Goodcat has a reasonable likelihood of succeeding on the merits.

2. Absent a temporary restraining order, Goodcat will likely suffer immediate and irreparable harm. After June 30, 2016, the date of this Order, the

3

continued presence of Goodcat's e-liquids in the Indiana marketplace will subject Goodcat to civil penalties and potential liability to other manufacturers. In the event Goodcat succeeds on the merits, the doctrine of sovereign immunity would preclude the recovery of damages against the State.

3. The potential harm Goodcat faces absent this extraordinary relief outweighs any harm a temporary restraining order would inflict on the Defendants.

4. Lastly, and perhaps perfunctorily, any attempt to avoid possible constitutional violations, however slight that chance might be, always serves the public's interest. On the other hand, permitting Goodcat to continue essentially under the status quo for two weeks does not pose significant harm to the public interest.

**SO ORDERED** this 30th day of June 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.