UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GOODCAT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-01514-RLY-DML |
| | ) | |
| DAVID COOK, DAVID COLEMAN, DALE GRUBB, and MARJORIE MAGINN, in their official capacities as the Indiana Alcohol and Tobacco Commission, and the STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| CLOUDTOWN, LLC, DB VAPES, LLC, DNM VENTURES, LLC, VAPOR BANK E-LIQUID, LLC, LICENSED E-LIQUID MANUFACTURING LLC, and VAPEING, LLC, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

**ORDER ON GOODCAT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Goodcat, LLC, moves for summary judgment as to Count I[1] of its Verified Complaint pursuant to the Seventh Circuit's decision in *Legato Vapors, LLC v. Cook*, 847 F.3d 825 (7th Cir. 2017) and this court's subsequent final judgment and permanent injunction in *Legato Vapors, LLC v. Cook*, No. 1:15-cv-00761-SEB-TAB

---

[1] Count I seeks a declaratory judgment that "[t]he security firm requirements imposed by Indiana Code §§ 7.1-7-2-14; 7.1-7-2-22(3)(B); and 7.1-7-4-1(d) violate the dormant Commerce Clause." (Filing No. 1, Verified Complaint ¶ 34).

1

(S.D. Ind. Mar. 15, 2017). Defendants, Commissioners of the Indiana Alcohol and Tobacco Commission and the State of Indiana, do not object, but Intervenor-Defendants, Cloudtown, LLC, *et al.*, oppose the motion.

Intervenors offer only one argument: in light of *Legato*, this case is moot and, as a result, the court lacks subject matter jurisdiction. In other words, the court is powerless to grant the relief GoodCat requests, and the only possible result at this phase is dismissal. The court disagrees.

"Relief granted in another tribunal can moot a claim, but only where the relief granted is complete." *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 746 (8th Cir. 2004). The relief afforded in *Legato* is not complete as to GoodCat for two reasons. First, in this case, GoodCat seeks a permanent injunction requiring the ATC to issue it a manufacturing permit. GoodCat was not a party to *Legato*, so it did not obtain a permit via that case. It currently has a permit pursuant to this court's preliminary injunction Order, but the plain language of that Order reveals that it was only intended to be temporary relief. The Order specifically provides, "The court further **ORDERS** the ATC to issue GoodCat a manufacturing permit until GoodCat's claims reach final disposition." (Filing No. 54 at 38). Accordingly, if this court were to simply dismiss the case, the ATC could potentially revoke GoodCat's permit. Second, GoodCat seeks to enjoin specific provisions of the statutory scheme that are not explicitly covered by the permanent injunction in *Legato*, namely Indiana Code §§ 7.1-7-2-14 and 7.1-7-2-22(3)(B).

The court holds that it retains subject matter jurisdiction over this dispute. Noting no other objection to the motion, the court finds that there is no genuine dispute as to any material fact and that GoodCat is entitled to judgment as a matter of law on Count I. Therefore, GoodCat's Motion for Summary Judgment (Filing No. 77) is **GRANTED**. In light of GoodCat's consent to the dismissal of Counts II and III as potentially superfluous, those counts are hereby **DISMISSED**.

The court holds that Indiana Code §§ 7.1-7-2-14, 7.1-7-2-22(3)(B), and 7.1-7-4-1(d)(1)-(3) violate the dormant Commerce Clause of the United States Constitution as applied to GoodCat. Defendants are **PERMANENTLY ENJOINED** from enforcing these statutory provisions against GoodCat. The court also **ORDERS** Defendants to issue an e-liquid manufacturing permit to GoodCat forthwith.

GoodCat shall file any petition for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 within fourteen days of the date of this Order.

**SO ORDERED** this 10th day of April 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.